B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET  (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER  (Court Use Only) |
|---|---|
| **PLAINTIFFS**  Gary M. Weiner, Chapter 7 Trustee | **DEFENDANTS**  James Giordano |
| ATTORNEYS (Firm Name, Address, and Telephone No.)  Weiner Law Firm, P.C.  1441 Main Street Suite 610  Springfield, MA 01103 413-732-6840 | ATTORNEYS (If Known)  Jerry Plumb |
| PARTY (Check One Box Only)  ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin  ☐ Creditor  ☐ Other  ☒ Trustee | PARTY (Check One Box Only)  ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin  ☐ Creditor  ☒ Other  ☐ Trustee |

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Pursuant to 11 U.S.C. §§ 544 (b), 548(b) and 550, M.G.L. c. 109A §§ 5 and/or 6, and Rule 7001 of the Federal Rules of Bankruptcy Procedure, the Plaintiff seeks to establish that the transfers by the Debtor to the Defendant, described herein, constitute voidable fraudulent transfers requiring the Defendant to pay to the Plaintiff the value of the property fraudulently transferred.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other obligation

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny.

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – reinstatement of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law     ☐ Check if this is asserted to be a class action under FRCP 23

☐ Check if a jury trial is demanded in complaint     Demand $

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Accountable Care Associates, Inc. | BANKRUPTCY CASE NO. 15-31132 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Massachusetts | DIVISION OFFICE<br>Western | | NAME OF JUDGE<br>Elizabeth D. Katz |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>[signature] | | | |
| DATE<br>5/21/18 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Gary M. Weiner, Esq., Chapter 7 Trustee | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| In re | Chapter 7 |
| ACCOUNTABLE CARE ASSOCIATES, INC. | Case No. 15-31132-EDK |
| Debtor | |
| | Adv. Pro. No. |
| GARY M. WEINER, CHAPTER 7 TRUSTEE, | |
| Plaintiff | |
| v. | |
| JAMES GIORDANO | |
| Defendant | |

## COMPLAINT TO AVOID FRAUDULENT TRANSFER

NOW COMES Gary M. Weiner, Chapter 7 Trustee (the "Trustee") for the Estate of Accountable Care Associates, Inc. (the "Debtor"), by and through his counsel, Weiner Law Firm, P.C., and pursuant to 11 U.S.C. §§ 544(b), 548, 550 and 551, M.G.L. c. 109A §§ 5 and/or 6, and Rule 7001 of the Federal Rules of Bankruptcy Procedure, seeks to establish that the transfers described herein by the Debtor to James Giordano (the "Defendant"), constitute voidable fraudulent transfers and to require the Defendant to pay to the Trustee the value of the property fraudulently transferred.

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding as defined in 28 U.S.C. § 157 (b)(2)(H) and is brought pursuant to Bankruptcy Rule 7001(1).

## PARTIES

Weiner vs. Giordano
In Re: Accountable Care Associates Inc.
Chapter 7, Case No. 15-31132-EDK
Page 2

2. The Plaintiff, Gary M. Weiner, Esq., is the duly appointed, qualified and acting Trustee in the above captioned case. The Trustee has a business address of 1441 Main Street, Suite 610, Springfield, MA 01103.

3. The Defendant, James Giordano is an individual having a last known residential address at 45 Park Place South, #227, Morristown, NJ 07960.

## FACTUAL ALLEGATIONS

4. On December 17, 2015, an involuntary petition for relief under Chapter 7 of the United States Bankruptcy Code was filed against the Debtor.

5. On January 21, 2016, an Order for Relief was entered by this Court.

6. On January 21, 2016, Gary M. Weiner, Esq. was appointed as the Chapter 7 Trustee in this matter.

7. The Debtor, Accountable Care Associates, Inc. was a health care management services organization based in Springfield, Massachusetts, founded on May 4, 2010 as Accountable Care Associates, LLC. The Debtor had over 60 shareholders and multiple subsidiaries.

8. The Defendant (through his company, Managed Transitions, Inc.) was brought in on a consulting basis by Debtor in March 2012.

9. In October 2012, Defendant joined the Debtor's Board of Directors. In April 2014, the Defendant was hired by the Debtor on a full-time basis and upon information and belief

Weiner vs. Giordano
In Re: Accountable Care Associates Inc.
Chapter 7, Case No. 15-31132-EDK
Page 3

      commenced employment on May 1, 2014. .

8. On November 5, 2014, the Debtor's board of directors (which included Defendant) were removed from their positions and replaced. On or about March 17, 2015, the Debtor ceased operations.

9. Between May 1, 2014 and November 20, 2014, the Defendant received payments from the Debtor totaling $284,880.05 for wages plus additional funds for expenses (the "Transfers").

10. Upon information and belief, the Debtor paid these funds to the Defendant for salary, accrued PTO and reimbursable expenses. The Defendant was terminated "for cause."

11. Upon information and belief the Defendant identified himself as a consultant for Quality Health Ideas, Inc.

12. Upon information and belief the services the Defendant provided did not benefit the Debtor and were for the benefit of other corporate entities. The Transfers therefore made to the Defendant were for no consideration.

13. Therefore, the Debtor received no benefit for the payments made at a time when the Debtor was insolvent and unable to meet their other obligations.

**COUNT I**
**Avoidance of Fraudulent Transfer - 11 U.S.C. § 548 and M.G.L. c. 109A §§ 5 and/or 6**

14. Paragraphs 1 through 13 are restated herein and incorporated by reference.

Weiner vs. Giordano
In Re: Accountable Care Associates Inc.
Chapter 7, Case No. 15-31132-EDK
Page 4

15. At the time the Transfers took place, the Debtor was indebted to one or more of the unsecured creditors listed on Schedule F of its petition in an amount equal to or greater than the sums transferred.

16. When the Debtor made the Transfers, it did not receive reasonably equivalent value in exchange for the Transfers, and was insolvent at that time or became insolvent as a result of the Transfers.

17. The Transfers were fraudulent as to all creditors, whether the creditors' claims arose before or after said Transfers.

18. At the time it made the Transfers, the Debtor believed or reasonably should have believed that it would incur debts beyond its ability to pay as they became due.

19. Upon information and belief he Debtor was insolvent at the time of the Transfers and/or the Defendant had reasonable cause to believe that the Debtor was insolvent.

20. Pursuant to 11 U.S.C. § 548 and M.G.L. c. 109A §§ 5 and/or 6, the Transfers constitute fraudulent transfers which the Trustee may avoid.

## COUNT II
## Recovery of Avoided Transfer for Estate – 11 U.S.C. § 550

21. Paragraphs 1 through 20 are restated herein and incorporated by reference.

22. Pursuant to 11 U.S.C. § 550, the Trustee may recover the Transfers for the benefit of the bankruptcy estate, or if the Court so orders, the value of the Transfers made to the Defendant.

Weiner vs. Giordano
In Re: Accountable Care Associates Inc.
Chapter 7, Case No. 15-31132-EDK
Page 5

**WHEREFORE**, the Trustee respectfully requests this Court to enter an Order:

1. Voiding the transfers by the Debtor, Accountable Care Associates, Inc. to the Defendant, James Giordano to the extent necessary to satisfy the Debtor's creditors' claims and all administrative claims incurred, pursuant to 11 U.S.C. §§§ 544, 548 and 550, and M.G.L.c. 109A §§ 5 and/or 6;

2. Requiring that the Defendant, James Giordano pay $284,880.05 or the claims of all of the Debtor, Accountable Care Associates, Inc.'s creditors and administrative claims incurred in pursuing this claim, whichever is the lesser; and

3. Granting such other and further relief as this Court deems just and proper.

> GARY M. WEINER, ESQ., Chapter 7 Trustee
> of the Estate of Accountable Care Associates, Inc.,
> By his Counsel,
>
> /s/ Gary M. Weiner, Esq.
> Gary M. Weiner, Esq., BBO #548341
> Robert E. Girvan III, Esq. BBO #569063
> WEINER LAW FIRM, P.C.
> 1441 Main Street, Suite 610
> Springfield, MA 01103
> Tel No. (413) 732-6840
> Gweiner@Weinerlegal.com
> Date: May 21, 2018